**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| AMERICAN ACCEPTANCE CO., LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:08-CV-9-JVB-PRC |
| | ) | |
| STEVEN GOLDBERG and GOLDBERG | ) | |
| ASSOCIATES, LLC, | ) | |
|     Defendants. | ) | |
| | ) | |
| WACHOVIA BANK NA, | ) | |
|     Garnishee-Defendant. | ) | |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion for Entry Default Judgment Versus the Defendants, Steven Goldberg and Goldberg Associates, LLC [DE 25], filed by Plaintiff on February 8, 2008.

On March 3, 2008, District Court Judge Joseph VanBokkelen entered an Order [DE 32] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the District Court grant the Motion for Default Judgment.

**PROCEDURAL BACKGROUND**

On January 8, 2008, Plaintiff filed a Complaint against Defendants Steven Goldberg and Goldberg Associates, LLC. Defendants were served with a copy of the Complaint and Summons by way of Certified Mail on January 14, 2008. Defendants Steven Goldberg and Goldberg Associates, LLC have failed to Answer or otherwise plead to the Complaint.

On February 8, 2008, Plaintiff filed the instant Motion for Entry of Default Judgment Versus the Defendants, Steven Goldberg and Goldberg Associates, LLC. On February 28, 2008, Plaintiff submitted an Affidavit in Support of Default Judgment.

On March 3, 2008, the District Court granted a motion filed by Plaintiff to refer the Motion for Default Judgment to the undersigned Magistrate Judge.

On March 6, 2008, this Court issued an order granting Plaintiff's motion to set a hearing on the Motion for Default Judgment for March 11, 2007, at 11:00 a.m.. The Court ordered the parties, including Defendant Goldberg, to be present in person at the hearing.

Late in the afternoon of March 10, 2008, Defendant Goldberg contacted the Court by phone and requested permission to participate in the March 11, 2007 hearing telephonically from Florida, which the Court permitted.

On March 11, 2008, the Court held a hearing on the Motion for Default Judgment with Plaintiff present by counsel and Defendants telephonically by Defendant Goldberg. At the hearing, with Defendant Goldberg participating by telephone, the Court set an in-person damages hearing for April 1, 2008, at 1:30 p.m. The Court advised Defendant Goldberg that if he failed to appear for the damages hearing on April 1, 2008, the Court would proceed with the hearing in his absence and would issue a report and recommendation to the District Court in his absence.

On March 11, 2008, the Court issued a Report and Recommendation, recommending to the District Court that the Clerk of Court enter default under Rule 55(a) as to both Defendants and that the District Court take under advisement the motion as to the entry of default judgment pending the April 1, 2008 hearing before the undersigned Magistrate Judge. On March 28, 2008, the District Court

2

adopted the Report and Recommendation, and on March 28, 2008, a Clerk's Entry of Default was entered against both Defendants.

On March 31, 2008, on the eve of the April 11, 2008 damages hearing, Defendant Goldberg filed a letter requesting that he be permitted to participate in the April 1, 2008 hearing telephonically from Florida. Defendant Goldberg represented that he suffers from certain medical conditions. Defendant Goldberg did not offer any corroborating materials, such as a letter from his physician, in support of the request. On March 31, 2008, the Court denied the request.

On April 1, 2008, the Court held the damages hearing with counsel for Plaintiff present, in person. Defendants did not appear in person or by counsel. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

As noted above, on March 28, 2008, the Clerk of Court defaulted each of the Defendants Steven Goldberg and Goldberg Associates LLC. On April 1, 2008, the Court held a damages hearing on the Motion for Default Judgment [DE 25]. Both Defendants, having received timely advance notice of the date, time, place, and purpose of the April 1, 2008 damages hearing, failed to appear in person or by counsel without explanation. The Court received evidence presented by the Plaintiff, American Acceptance Co. LLC.

The Court finds that Defendants, Steven Goldberg and Goldberg Associates, LLC (hereafter "Goldberg") solicited the Plaintiff, American Acceptance Co., LLC (hereafter "American Acceptance") through the Internet in December 2007 related to a proposed sale of charged-off accounts. At that time,

3

and at all times relevant to this case, neither Steven Goldberg, nor Goldberg Associates, LLC owned the charged-off accounts that were offered for sale to American Acceptance.

Based upon the Internet solicitation of the Plaintiff regarding the sale of such charged-off accounts, American Acceptance and Goldberg entered into a Purchase and Sale Agreement for the charged-off accounts dated December 6, 2007. The Purchase and Sale Agreement provided that Goldberg sell to American Acceptance certain charged-off accounts with an unpaid balance of approximately $1,930,145.21. American Acceptance agreed to pay and did pay to Goldberg, the purchase price of $202,665.24.

Goldberg never owned the charged-off accounts that were sold to American Acceptance and have never transferred ownership of the accounts to American Acceptance.

American Acceptance testified that their lost profit for the failure of Goldberg to transfer ownership of these charged-off accounts is $617,646.47. The Court further finds that the acts and actions of Goldberg as described above are offenses against property as such term is defined by the Indiana Crime Victims Relief Act at I.C. § 34-24-3-1, et. seq. By reason of Goldberg's actions being an offense against property, American Acceptance is entitled to treble damages ($202,665.24 multiplied by three) as described by statute, to-wit: I.C. 34-24-3-1, et. seq. The Court further finds that judgment should be rendered in favor of the Plaintiff, American Acceptance Co., LLC, and against the Defendants, Steven Goldberg and Goldberg Associates, LLC, jointly and severally, in the sum of $607,995.72, plus costs of $350.00.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the District Court **GRANT** the Motion for Entry of Default Judgment Versus the Defendants, Steven Goldberg and Goldberg Associates, LLC [DE 25]. The Court **RECOMMENDS** to the District Court enter judgment in favor of American

Acceptance Co., LLC and against the Defendants, Steven Goldberg and Goldberg Associates, LLC, jointly and severally in the sum of $607,995.72, together with judgment interest, plus costs of $350.00.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B).  Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have ten (10) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court.  The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 22nd day of April, 2008.

                                                 s/ Paul R. Cherry  
                                                 MAGISTRATE JUDGE PAUL R. CHERRY  
                                                 UNITED STATES DISTRICT COURT

cc:    All counsel of record  
        Steve Goldberg, Goldberg & Associates LLC